# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 10-278V
Filed: April 24, 2013

*************************************   NOT TO BE PUBLISHED

JOSEF SCHREICK,                       *

                                *

                                *     **Special Master Zane**

                                *

                                *     Stipulation; attorneys' fees and costs

                  Petitioner,         *

                                *

v.                                *

                                *

SECRETARY OF HEALTH       *

AND HUMAN SERVICES,      *

                                *

                  Respondent.       *

                                *

*************************************

*Kathleen P. Kettles*, Wingate Russotti & Shapiro, LLP, New York, NY, for Petitioners;
*Debra A. Filteau Begley*, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION ON ATTORNEYS' FEES AND COSTS[1]

        On April 22, 2013, the parties in the above-captioned case filed a Stipulation of Facts Concerning Attorneys' Fees and Costs ("Stipulation") memorializing their agreement as to the appropriate amount of attorneys' fees and costs in this case. Petitioner requests a total award of $40,000.00, to which Respondent does not object. Petitioner's counsel represents that Petitioner incurred no personal litigation costs. In accordance with 42 U.S.C. § 300aa-15(e), the undersigned awards the amount to which Respondent does not object.

---

[1] Because this decision contains a reasoned explanation for the Special Master's action in this case, the Special Master intends to post it on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 113 Stat. 2899, 2913 (Dec. 17, 2002). All decisions of the Special Master will be made available to the public unless they contain trade secret or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would clearly be an unwarranted invasion of privacy. When such a decision or designated substantive order is filed, a party has 14 days to identify and to move to redact such information before the document's disclosure. If the Special Master, upon review of a timely motion to redact, agrees that the identified material fits within the banned categories listed above, the Special Master shall redact such material from public access. 42 U.S.C. § 300aa-12(d)(4); Vaccine Rule 18(b).

Petitioner, Josef Schreick, alleged that he suffered from Guillain-Barré Syndrome ("GBS"), which was caused-in-fact by his receipt of the Human Papillomavirus ("HPV") vaccine on May 9, 2007, which vaccine is contained in the Vaccine Injury Table. 42 C.F.R § 100.3(a). Petitioner also represents that there have been no prior awards or settlement of a civil action for these damages. A decision awarding compensation based upon the parties' stipulation was entered on September 19, 2012.

Although Respondent did not concede the claim, the parties, nonetheless, settled the matter, and an award of compensation was made. Because, Petitioner had been awarded compensation, Petitioner is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e). The undersigned also finds that the stipulated amount of $40,000.00, in attorneys' fees and costs, is reasonable based on the stage at which this matter was settled. Based on the request's reasonableness and pursuant to Vaccine Rule 13, the undersigned **GRANTS** the parties' request as outlined in the Stipulation. The judgment shall reflect that Petitioners are awarded attorneys' fees and costs as follows:

> **in a check made payable jointly to Petitioner (Josef Schreick) and Petitioner's counsel (Kathleen P. Kettles of the law firm Wingate Russotti & Shapiro, LLP), the amount of $40,000.00, pursuant to 42 U.S.C. § 300aa-15(e).**

The court thanks the parties for their cooperative efforts in resolving this matter. In the absence of a motion for review filed pursuant to RCFC, Appendix B, the Clerk is directed to enter judgment accordingly.[2]

**IT IS SO ORDERED.**

s/ Daria Zane
Daria J. Zane
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.